IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GEORGE KAULANA KAWELO, III, and RINA CECILY KAWELO, an individual, on behalf of themselves and all other similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, *et al.*,<br><br>Defendants. | Civ. No. 18-00096 JMS-KSC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

## I. <u>INTRODUCTION</u>

By this action against numerous Defendants, pro se Plaintiffs George Kaulana Kawelo, III ("George") and Rina Cecily Kawelo ("Rina") (collectively, "Plaintiffs") seek to vacate a state court judicial foreclosure and subsequent sale of real property located at 87-2093 Pakeke Street, Waianae, HI 96706 (the "subject property"). Compl., ECF No. 1. The Complaint names as Defendants: (1) Nationstar Mortgage LLC ("Nationstar"); Mortgage Electronic Registration Systems, Inc. ("MERS"); MTGLQ Investors, LP ("MTGLQ") (collectively, "Nationstar Defendants"); Ocwen Loan Servicing, LLC ("Ocwen"); TMLF

Hawaii, LLLC, a law corporation ("TMLF") and TMLF attorneys Peter Stone

("Stone"), Derek W.C. Wong ("Wong), and Jason L. Cotton ("Cotton")

(collectively, the "TMLF Defendants"); Aldridge Pite, LLP, a limited law

partnership ("AP") and AP attorney Zachary K. Kondo ("Kondo") (collectively the

"AP Defendants"); "process server" Akoni Shannon ("Shannon"); and "All equity

or persons unknown, claiming any legal or equitable right, title, estate, lien, or

interest in the property described in the Complaint adverse to Plaintiffs' title, or

any cloud on Plaintiffs' title thereto and all whose true names are unknown."

Compl. at 1 &

¶ 37.

        Before the court are three Motions to Dismiss, one of which includes

a request for judicial notice, ECF Nos. 11, 22, 35; two additional "Requests for

Judicial Notice,"[1] ECF Nos. 13, 23; and multiple Joinders to one or more of the

---

[1] Defendants request that the court take judicial notice of documents filed in the underlying state court foreclosure action, the United States Bankruptcy Court for the District of Hawaii, and the State of Hawaii Bureau of Conveyances. *See* ECF Nos. 13, 23, 35 at 2 n.2.
        The court "may take [judicial] notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Trigueros v. Adams*, 658 F.3d 983, 987 (9th Cir. 2011) (quotation marks and citation omitted); *see also Lee v. City of L.A.*, 250 F.3d 668, 689-90 (9th Cir. 2001) ("A court may take judicial notice of matters of public record.") (citation and quotation marks omitted). Consideration of "matters of judicial notice" does not require that a motion to dismiss be converted to a motion for summary judgment. *See Sluka v. Rushmore Loan Mgmt. Serv., LLC*, 2016 WL 6275387, at *1 n.1 (D. Haw. Oct. 26, 2016) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Thus, the court GRANTS the Requests.

motions and requests, ECF Nos. 27, 37, 39, 41, 42. For the reasons discussed below, the Complaint is DISMISSED, with leave to amend as to certain claims. More specifically, the Requests for Judicial Notice are GRANTED, ECF Nos. 13, 23, 35; the Motions to Dismiss filed by Ocwen and the Nationstar Defendants are GRANTED, ECF Nos. 11, 35; and the Motion to Dismiss filed by the AP Defendants and the TMLF Defendants' Joinder to that motion are GRANTED in part and DENIED in part, ECF Nos. 22, 27. Ocwen's Joinder is GRANTED, ECF No. 37; the AP Defendants' Joinder is GRANTED in part and DENIED in part, ECF No. 39; and the Nationstar Defendants' Joinders are GRANTED, ECF Nos. 41, 42.

## II. <u>BACKGROUND</u>

### A.    **Factual Background**

On or about February 26, 2007, Plaintiffs obtained a loan of $410,856 from DHI Mortgage Company, that was secured by a mortgage on the subject property. ECF No. 1 ¶¶ 48, 133; ECF No. 35-3. Ocwen was the loan servicer for Plaintiffs' mortgage. ECF No. 1 ¶ 51. On November 25, 2014, the TMLF Defendants, on behalf of Nationstar, filed an action in the State of Hawaii Circuit Court of the First Circuit ("state court") to foreclose on the mortgage and subject property (the "state foreclosure action"). *Id.* ¶ 50; ECF Nos. 13-1, 23-1.

On March 28, 2016, the state court entered its "Findings of Fact, Conclusions of Law and Order Granting [Nationstar]'s Motion for Summary Judgment for Foreclosure Against [Plaintiffs] and for Interlocutory Decree of Foreclosure" (the "FOF/COL").[2] ECF No. 13-2. The FOF/COL found that Plaintiffs executed a valid note to DHI Mortgage Company that required Plaintiff to make monthly payments. *Id.* at 2-3. The FOF/COL further found that the note was secured by a valid mortgage with MERS as the mortgagee "solely as nominee for DHI Mortgage Company," that MERS assigned the mortgage to Nationstar on July 31, 2014, and that after November 1, 2013, Plaintiffs failed to make the agreed-upon monthly payments on the note. *Id.* at 2-5. Thus, the FOF/COL determined that Nationstar was "entitled to foreclose upon the [subject] property" and to "judgment and an interlocutory decree of foreclosure as a matter of law," and appointed a Commissioner to sell the subject property. *Id.* at 4-6. On April 17, 2017, the state court issued an Order confirming the foreclosure sale to Nationstar or its nominee, a Writ of Possession, and Judgment (the "State Court Judgment"). ECF No. 23-1 at 4-5. On July 24, 2017, the Commissioner's Deed was recorded in the State of Hawaii Bureau of Conveyances, transferring title to the subject property to MTGLQ, Nationstar's nominee. *See* ECF Nos. 23-3, 35-4.

---

[2] The FOF/COL was signed on March 24, 2016, but not filed until March 28, 2016. ECF No. 13-2 at 1, 9.

Meanwhile, on May 12, 2017, Plaintiffs appealed the State Court Judgment. ECF Nos. 23-1, 23-4. The Hawaii Intermediate Court of Appeals ("ICA") dismissed Plaintiffs' Appeal on October 27, 2017 for failure to prosecute. ECF Nos. 23-4, 35-7.

On September 8, 2017, George filed a Chapter 7 bankruptcy action in the United States Bankruptcy Court for the District of Hawaii (the "bankruptcy action"). ECF No. 13-3. In his schedule to the bankruptcy action, George represented that he did not "own or have any legal or equitable interest in any residen[tial] . . . property." ECF No. 13-4 at 1. George also indicated that Nationstar was a secured creditor with an interest in the subject property, and when asked if he had claims against third parties, answered "no." *Id.* 8, 49. On February 5, 2018, the bankruptcy court issued an "Order of Discharge." ECF No. 13-5.

## B.    Procedural Background

On March 14, 2018, Plaintiffs initiated the instant action. ECF No. 1.[3] The Complaint asserts the following claims against all Defendants: "Wrongful Sale of Subject Property" (Count I); "Fraud" (Counts II and IV); "Unfair or Deceptive

_____

[3] On April 16, 2018, executed summonses were filed as to Defendants TMLF, Nationstar, Ocwen, AP and Stone only. Nevertheless, counsel has entered appearances for the Nationstar Defendants, the TMLF Defendants, Ocwen, and the AP Defendants. It does not appear that the Complaint was served on Shannon, nor has counsel entered an appearance on her behalf.

Acts or Practices" (Count III); "Breach and Failure to Act in Good Faith" (Count V); "Unjust Enrichment" (Count VI); "Mistake" (Count VII); "Hawaii Bureau of Conveyance Regulations Violations" (Count VIII); "Improper Restrictions Resulting from Securitization Leaves Note and Mortgage Unenforceable" (Count IX); "Wrongful Conversion of Note - Violation of the Securitization Agreement" (Count X); "Breach of Contract" (Count XI); and "Quiet Title" (Count XII). *Id.* at 28-46. The Complaint references multiple federal laws and regulations, but fails to connect such references to any claims. In addition, the Complaint includes the following notation at the bottom of each page: "Complaint - Rights Action (42 U.S.C. Section 1983, Section 1985) Wrongful Foreclosure." *Id.* at 1-48.

Ocwen filed its Motion to Dismiss and Request for Judicial Notice on April 13, 2018. ECF Nos. 11, 13. The AP Defendants filed their Motion to Dismiss and Request for Judicial Notice on April 16, 2018. ECF Nos. 22, 23. On April 24, 2018, the TMLF Defendants filed a Joinder to the AP Defendants' Motion to Dismiss. ECF No. 27. On May 14, 2018, the Nationstar Defendants filed a Motion to Dismiss. ECF No. 35. On June 29, 2018, Ocwen filed a Joinder to the AP Defendants' Motion to Dismiss, and the AP Defendants filed a Joinder to Ocwen's and the Nationstar Defendants' Motions to Dismiss. ECF Nos. 37, 39. On July 2, 2018, the Nationstar Defendants filed Joinders to Ocwen's and the AP

Defendants' Motions to Dismiss and Requests for Judicial Notice.  ECF Nos. 41,

42.  Plaintiffs did not file an Opposition to any of the Motions.

On July 16, 2018, Ocwen, the Nationstar Defendants, and the AP

Defendants filed Notices and a Statement of Plaintiffs' failure to file Oppositions

to the Motions.  ECF Nos. 45-48.  A hearing was held on July 30, 2018, with

George appearing by telephone.  Rina did not appear.  ECF No. 49.

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss

for "failure to state a claim upon which relief can be granted[.]"  A Rule 12(b)(6)

dismissal is proper when there is either a "'lack of a cognizable legal theory or the

absence of sufficient facts alleged.'"  *UMG Recordings, Inc. v. Shelter Capital

Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica

Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

Although a plaintiff need not identify the legal theories that are the

basis of a pleading, *see Johnson v. City of Shelby, Mississippi*, 135 S. Ct. 346, 346

(2014) (per curiam), a plaintiff must nonetheless allege "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v.

Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)).  This tenet — that the court must accept as true all of the

allegations contained in the complaint — "is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Iqbal*, 556 U.S. at 679.

///

///

///

# IV. <u>DISCUSSION</u>

All three Motions to Dismiss argue that Plaintiffs' claims are barred by claim preclusion (or res judicata)[4] because of a prior final state court judgment, and each motion also includes one or more of the following additional arguments: (1) George is judicially estopped from asserting his claims; (2) George lacks standing to assert his claims; (3) the Complaint fails to state a plausible claim for relief; (4) Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine; and (5) Plaintiffs are not adequate class representatives and therefore cannot assert class action claims. Although Plaintiffs did not file an Opposition, throughout the hearing, the court asked George for Plaintiffs' argument or position in response to Defendants' arguments.

For the reasons discussed below, the court concludes as follows: (1) Ocwen and the Nationstar Defendants met their burden of establishing claim preclusion, but the AP and TMLF Defendants did not; thus the State Court Judgment precludes Plaintiffs from asserting their claims against Ocwen and the Nationstar Defendants; (2) George obtained a discharge of his bankruptcy action based in part on representations that he did not have any claims against Defendants

_____

[4] Hawaii law prefers the modern term "claim preclusion" instead of "res judicata." *See Bremer v. Weeks*, 104 Haw. 43, 53 n.14, 85 P.3d 150, 160 n.14 (2004).

and, therefore, he is judicially estopped from asserting his claims against all Defendants; (3) George's claims belong to his bankruptcy estate and, therefore, he lacks standing to assert his claims; (4) the Complaint fails to state a plausible claim against the AP and TMLF Defendants.

The court addresses these issues in turn.[5]

## A.    Claim Preclusion

Defendants argue that each claim asserted by Plaintiffs relies upon the allegation that Nationstar was not entitled to enforce the note and foreclose the mortgage to the subject property. They further argue that the state foreclosure action adjudicated this precise issue in favor of Nationstar and against Plaintiffs. *See* ECF No. 13-2 at 5 ("[Nationstar] is the holder of the Note and Mortgage and is entitled to enforce them."); ECF No. 23-1 at 5 (state foreclosure action docket showing entry of the State Court Judgment).

Federal courts look to the forum state's law to determine the preclusive effect of a state court judgment. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). To establish

---

[5] Because of these findings, the court does not reach the *Rooker-Feldman* argument, or whether each of the Complaint's Counts states a claim against all Defendants.

claim preclusion under Hawaii law, Defendant has "the burden of establishing that (1) there was a final judgment on the merits, (2) both parties are the same or in privity with the parties in the original suit, and (3) the claim decided in the original suit is identical with the one presented in the action in question." *Bremer v. Weeks*, 104 Haw. 43, 54, 85 P.3d 150, 161 (2004). It includes not only "issues [that] were actually litigated in the first action, but also . . . all grounds of claim and defense which might have been properly litigated[.]" *Id.*, 85 P.3d at 160 (quoting *Foytik v. Chandler*, 88 Haw. 307, 314, 966 P.2d 619, 626 (1998)) (emphases omitted). And, "[i]n Hawaii[,] the doctrine is applied in a robust way." *Albano v. Nw. Fin. Haw., Inc.*, 244 F.3d 1061, 1063 (9th Cir. 2001).

The court addresses each of the three elements in turn.

### 1.     Final Judgment

"[A] judgment is final where the time to appeal has expired without an appeal being taken." *Littleton v. State*, 6 Haw. App. 70, 75, 708 P.2d 829, 833 (Haw. Ct. App. 1985) (quoting *James W. Glover, Ltd. v. Fong*, 42 Haw. 560, 574 (1958)). Under Hawaii Rule of Appellate Procedure ("HRAP") 36(c), an ICA judgment is final:

(1)     if no application for writ of certiorari is filed,

(A)     upon the thirty-first day after entry or

<blockquote>
(B)    where the time for filing an application for a writ of certiorari is extended in accordance with [HRAP 40.1(a)], upon the expiration of the extension[.]
</blockquote>

Here, the ICA dismissed Plaintiffs' appeal on October 27, 2017. *See* ECF No. 23-4. There is no evidence that Plaintiffs filed a writ of certiorari to the Supreme Court of Hawaii within thirty days or received an extension to file a writ in accordance with HRAP 40.1(a).

Because "the time to appeal has expired without an appeal being taken," *Littleton*, 6 Haw. App. at 75, 708 P.2d at 833, the State Court Judgment is final.

### 2. *Same Parties*

The second element requires that the parties be "the same or in privity with the parties in the original suit." *Bremer*, 104 Haw. at 54, 85 P.3d at 161. Plaintiffs and Nationstar were parties to both this action and the state foreclosure action. Although MERS, MTGLQ, and Ocwen were not parties to the state foreclosure action, the court finds that Nationstar's relationship with MERS, MTGLQ, and Ocwen establishes privity between Nationstar and each of these Defendants.

Privity is a "legal conclusion designating a person [or entity] so identified in interest with a party to a former litigation that [the person or entity]

represents precisely the same right in the respect to the subject matter involved."
*Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052-53 (9th Cir. 2005)
(internal quotation marks and citation omitted). Under Hawaii law, "[t]he concept
of privity has moved from the conventional and narrowly defined meaning of
'mutual or successive relationship[s] to the same rights of property' to 'merely a
word used to say that the relationship between the one who is a party of record and
another is close enough to include that other within the res adjudicata.'" *In re
Dowsett Tr.*, 7 Haw. App. 640, 646, 791 P.2d 398, 402 (Haw. Ct. App. 1990)
(internal citation omitted). In essence, "the nonparty's interests and rights [must
have been] represented and protected in the prior action." *Pedrina v. Chun*, 97
F.3d 1296, 1302 (9th Cir. 1996) (applying Hawaii law). In the context of home
foreclosures, numerous courts have found that successive loan servicers, assignees,
and assignors are in privity with one another. *See, e.g.*, *Varma v. Bank of Am N.A.*,
2017 WL 5665008, at *6 (C.D. Cal. Apr. 3, 2017); *Amedee v. Citimortgage, Inc.*,
2016 WL 1070657, at *4 (N.D. Cal. Mar. 18, 2016); *cf. Ounyoung v. Fed. Home
Loan Mortg. Corp.*, 2012 WL 5880673, at *5 (D. Haw. Nov. 21, 2012); *State v.
Magoon*, 75 Haw. 164, 191, 858 P.2d 712, 725 (1993).

Here, judicially-noticed documents show that MERS was the original
mortgagee and nominee for Nationstar and Nationstar's successors and assigns,

that MERS assigned Plaintiffs' mortgage to Nationstar, and that MTGLQ

succeeded Nationstar as owner of the subject property through the foreclosure sale.

*See, e.g.*, ECF Nos. 35-3 to 35-5, 35-10.  And Plaintiffs admit that Ocwen was the

loan servicer of the mortgage.  Compl. ¶ 51.  In short, the relationship between

MERS, Ocwen, and MTGLQ "is close enough" to establish privity.  *In re Dowsett*

*Tr.*, 7 Haw. App. at 646, 791 P.2d at 402.

      The AP Defendants however, have failed to meet their burden of

establishing privity.  Courts have found that counsel subject to suit for actions

taken in the context of representing parties in a prior lawsuit are in privity with

those parties.  *See, e.g.*, *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir.

2000) ("The law firm defendants appear by virtue of their activities as

representatives of [their clients] . . . creating privity.") (citing *Henry v. Farmer City*

*State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986) (holding that for res judicata

purposes privity exists between a part and its attorneys)); *Clemens v. Wells Fargo*

*Bank, N.A.*, 2014 WL 7407603, at *3 (D. Kan. Dec. 30, 2014) (applying privity to

counsel for lender in prior foreclosure action).

      The AP Defendants admit that they "did not represent Nationstar or

any other party in Nationstar's foreclosure action; nor were they named as parties

to the case."  ECF No. 22 at 14.  And because the TMLF Defendants merely joined

with the AP Defendants' motion, which did not argue for privity based on prior representation of any of the Nationstar Defendants, they have also failed to meet their burden of establishing privity. Thus this second element is satisfied as to Ocwen, Nationstar, MERS, and MTGLQ only.

### 3. Same Claims

Third, the "claims" are the same. "To determine whether a litigant is asserting the same claim in a second action, the court must look to whether the 'claim' asserted in the second action arises out of the same transaction, or series of connected transactions, as the 'claim' asserted in the first action." *Kauhane v. Acutron Co.*, 71 Haw. 458, 464, 795 P.2d 276, 279 (Haw. 1990) (citing Restatement (Second) of Judgments § 24 (1982)). That is, claims arising out of the same transaction "constitute the same 'claims' for [claim preclusion] purposes." *Id.* at 464, 795 P.2d at 279; *see also Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." (internal quotation marks and citation omitted)).

Moreover, claim preclusion "applies if the issues 'could have been raised in the earlier state court actions.'" *Albano*, 244 F.3d at 1064 (citations

omitted) (applying Hawaii law); *see also Bremer*, 104 Haw. at 54, 85 P.3d at 159-60 (observing that under Hawaii law "[t]he judgment of a court of competent jurisdiction . . . precludes the relitigation . . . of all grounds of claim and defense which might have been properly litigated in the first action but were not litigated or decided") (citation and emphasis omitted).

The issues raised in this action arise out of "the same transaction, or series of connected transactions," *Kauhane*, 71 Haw. at 464, 795 P.2d at 279, as the claim asserted in the state foreclosure action.  That is, the state foreclosure action decided the same core issues as alleged here — both lawsuits concern the validity of the assignment of Plaintiffs' mortgage to Nationstar and Nationstar's right to foreclose, sell, and evict Plaintiffs from the subject property.  These issues may not be relitigated here.  Although the instant action also includes claims regarding the process to evict Plaintiffs from the subject property, which occurred after the state court Judgment, claims based on the eviction process also rely on allegations that Nationstar's foreclosure was improper.  And even if any Defendant engaged in wrongful conduct in violation of state or federal law in connection with the assignment and servicing of Plaintiffs' mortgage and the subsequent foreclosure, Plaintiffs could have raised such issues as counterclaims or affirmative defenses to the state foreclosure action.  *See, e.g.*,  *Mondragon v. Bank of Am, N.A.*,

2017 WL 4653021, at *2 (C.D. Cal. June 21, 2017) (noting that "a lender's noncompliance with the servicing regulations can be asserted as an affirmative defense or an equitable defense to a judicial-foreclosure action") (citation omitted). They would thus also be barred. *See, e.g.*, *Albano*, 244 F.3d at 1064.

Because Ocwen, Nationstar, MERS, and MTGLQ established all three elements of the claim preclusion test, Plaintiffs are barred from bringing the instant action. And because Plaintiffs are precluded from asserting their claims against these Defendants, amendment would be futile. Accordingly, Plaintiffs' claims against Ocwen, Nationstar, MERS, and MTGLQ are DISMISSED with prejudice.

But because the AP Defendants and TMLF Defendants failed to establish privity, the doctrine of claim preclusion does not bar Plaintiffs' claims against those Defendants.

## B.    Judicial Estoppel

Defendants also contend that George is judicially estopped from asserting this lawsuit against all Defendants based on George's representations to the bankruptcy court — that he did not own or have a legal interest in the subject property, that Nationstar was a secured creditor with an interest in the subject property, and that he had no claims against Defendants — and the subsequent discharge of the bankruptcy action.

Judicial estoppel is an equitable doctrine, invoked by a court at its discretion, which "bar[s] a party from [gaining an advantage by] taking a position in a subsequent lawsuit that is inconsistent with a position it took in a previous lawsuit." *Ito v. Inv'rs Equity Life Holding Co.*, 135 Haw. 49, 74, 346 P.3d 118, 143 (2015); *see Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270-71 (9th Cir. 2013); *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The United States Supreme Court identified three factors courts may consider when determining whether to apply the doctrine of judicial estoppel: (1) whether the party's position is "clearly inconsistent with its earlier position"; (2) whether the first court accepted the party's earlier position, thereby "creat[ing] the perception that either the first or second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage . . . if not estopped." *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (citations and internal quotation marks omitted). In addition, the Ninth Circuit instructs courts to examine whether the party acted mistakenly, inadvertently, or with any degree of intent to deceive. *See Johnson v. Or. Dep't of Human Res.*, 141 F.3d 1361, 1369 (9th Cir. 1998).

In the bankruptcy context, this basic default rule applies: "If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy

schedules and obtains a discharge . . . , judicial estoppel bars the action." *Ah Quin*, 733 F.3d at 271 (citations omitted).  And in the Ninth Circuit, a "presumption of deliberate manipulation" applies if a claim is omitted and the debtor does not file an amended bankruptcy schedule that properly lists that claim as an asset.  *Id.* at 272-73.

In his bankruptcy action, George represented that he did not "own or have any legal or equitable interest in any residen[tial] . . . property," admitted that Nationstar was a secured creditor with an interest in the subject property, and denied that he had any claims against third parties.  ECF Nos. 13-3 to 13-4.  Based on such representations, George obtained an order discharging the bankruptcy action on February 5, 2018.  ECF No. 13-5.  Contrary to those representations, Plaintiffs now contend that they own the subject property, no Defendant has an interest in the subject property, and that Plaintiffs have meritorious claims against Defendants.

Based on these facts, judicial estoppel applies to bar George's claims. George did not list the claims he now asserts against Defendants in the prior bankruptcy action, and based on that omission, obtained a discharge of the bankruptcy action.  Thus, the three *New Hampshire* factors are met.  Plaintiffs filed no Opposition to the instant Motions, and there is no indication that George's

representations in the bankruptcy action were the result of mistake or inadvertence, or that he has made any attempt to reopen the bankruptcy action in order to disclose his claims against Defendants. Thus, the "presumption of deliberate manipulation" applies. *See Ah Quin*, 733 F.3d at 272-73. This presumption is further supported by the proximity in time between the two actions — Plaintiffs filed their Complaint in this action a mere five weeks after George obtained discharge of his bankruptcy action. Exercising its discretion, this court finds that George is judicially estopped from asserting his claims against all Defendants in the instant action. Thus, George's claims against all Defendants are DISMISSED with prejudice.

Because Rina was not a party to the bankruptcy action, however, she is not judicially estopped from asserting her claims (to the extent she is not otherwise precluded from asserting such claims).

## C.    Standing

Defendants further contend that George lacks standing to assert his claims. The court agrees.

When George filed his bankruptcy petition, all claims that he could have asserted at that time became the property of his bankruptcy estate. *See* 11

U.S.C. § 541(a)(1);[6] *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001).  Only the

bankruptcy trustee has standing to prosecute claims of the bankruptcy estate.  *See*

*Estate of Spirtos v. One San Bernardino Cty. Super. Ct. Case Numbered SPR*

*02211*, 443 F.3d 1172, 1176 (9th Cir. 2006) (holding that "the bankruptcy code

endows the bankruptcy trustee with the exclusive right to sue on behalf of the

estate").  And unless the court orders otherwise, estate property that is neither

abandoned nor administered remains the property of the bankruptcy estate, even

after the bankruptcy action is closed.  11 U.S.C. § 554(d) ("Unless the court orders

otherwise, property of the estate that is not abandoned under this section and that is

not administered in the case remains property of the estate."); *see In re Pretscher-*

*Johnson*, 2017 WL 2779977, at *5 (B.A.P. 9th Cir. May 31, 2017) ("A trustee

cannot administer or abandon an unscheduled asset, . . . [and] they remain[]

property of the estate."); *Estate of Spirtos*, 443 F.3d at 1176; *In re Lopez*, 283 B.R.

22, 28 (B.A.P. 9th Cir. 2002) (explaining that property of the bankruptcy estate,

even if not listed on the schedules, that is neither abandoned nor administered

"remains property of the estate even after the case is closed").

---

[6] Section 541(a)(1) provides in part:  "The commencement of a [bankruptcy] case . . .
creates an estate.  Such estate [includes] . . . all legal or equitable interests of the debtor in
property as of the commencement of the case."

Thus, George's claims belong to his bankruptcy estate. And because he does not own those claims, he lacks standing to assert them in this action. For this additional reason, George's claims against all Defendants are DISMISSED with prejudice.

## D.     Failure to State a Claim

Defendants argue that the Complaint fails to state a plausible claim for relief. Given the court's determinations above that Plaintiffs are precluded from asserting claims against Ocwen, Nationstar, MERS, and MTGLQ, and alternatively, that George is judicially estopped from asserting and lacks standing to assert his claims against all Defendants, only Rina's claims against the AP and TMLF Defendants remain.[7] But Rina does not allege any specific wrongdoing by the AP Defendants. Nor does she allege any actions by the TMLF Defendants

---

[7] Although the Complaint includes a footer that references 42 U.S.C. § 1983, it is not clear whether Plaintiffs are asserting such a claim. To state a § 1983 claim, Plaintiffs must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982) (recognizing that a § 1983 claim requires allegations that violation was committed by a person acting "under color of any statute, ordinance, regulation, custom, or usage" of a state). Here, the Complaint fails to allege that any Defendant acted under color of state law. Thus, Plaintiffs fail to state a claim pursuant to § 1983.

outside of those performed in their alleged capacities as legal representatives of one or more of the Nationstar Defendants.[8]

Most of the Complaint includes conclusory allegations against all "Defendants," fails to explain which claims are brought against which Defendants, and fails to allege specific facts to support specific claims. The limited allegations that do refer to the AP or TMLF Defendants include: (1) the TMLF Defendants "unlawfully and prematurely filed a foreclosure action, ECF No. 1 ¶ 60; (2) the "[Nationstar] Defendants" and "their attorneys . . . initiated and conducted a judicial foreclosure," *id.* ¶ 72; (3) "Defendants by and through their attorneys sold our property," *id.* ¶ 74; (4) the Nationstar Defendants' attorneys' "behavior [was] that of a foreclosure mill," *id.* ¶ 91; and (5) the AP and TMLF Defendants "acted wantonly or oppressively or with such malice as implies as a spirit of mischief or criminal indifference to civil obligations, or its action constituted willful misconduct or that entire want of care which raises the presumption of a conscious indifference to consequences to the Plaintiffs," *id.* ¶ 95.

Such allegations fall far short of Rule 8's pleading requirements. *See Iqbal*, 556 U.S. at 678; *Starr*, 652 F.3d at 1216. In short, the Complaint does not

---

[8] And to the extent Rina's claims are based entirely on actions performed by the TMLF Defendants in the course of their representation of a Nationstar Defendant in connection with foreclosure proceedings, they likely would be barred by claim preclusion. *See Plotner*, 224 F.3d at 1169; *Henry*, 808 F.2d at 1235 n.6; *Clemens*, 2014 WL 7407603, at *3.

provide the AP and TMLF Defendants with fair notice of the bases for claims against them, in violation of Rule 8.  *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011); *see also Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").  In short, Rina fails to state a plausible claim for relief against the AP and TMLF Defendants.

## E.    Class Action Claims

To the extent Plaintiffs assert class claims, such claims fail because Plaintiffs are not adequate class representatives.  *See* Fed. R. Civ. P. 23(a)(4) (requiring that class representatives be able to "fairly and adequately protect the interests of the class"); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966) (dismissing putative class action because pro se plaintiff lacked authority to appear as an attorney for others).

In sum, Plaintiffs are precluded from asserting their claims against Ocwen and the Nationstar Defendants, George is judicially estopped from asserting his claims against all Defendants, George lacks standing to assert his claims against all Defendants, the Complaint fails to allege that any Defendant acted under color of state law, Rina fails to state a plausible claim for relief against the AP and TMLF Defendants, and Plaintiffs are not adequate class representatives.

Thus, the Complaint is DISMISSED.  Because Plaintiffs are precluded from asserting their claims against Ocwen and the Nationstar Defendants, amendment would be futile; thus, Plaintiffs' claims against Ocwen, Nationstar, MERS, and MTGLQ are DISMISSED with prejudice.  Because George is judicially estopped from asserting claims and lacks standing to assert claims against all Defendants, amendment would be futile; thus, George's claims against all Defendants are DISMISSED with prejudice.  Rina's claims against the AP and TMLF Defendants are DISMISSED without prejudice.

## E.      Leave to Amend

Claims that are dismissed with prejudice may not be amended.  That is, George may not amend any of his claims and Rina may not amend her claims against Ocwen, Nationstar, MERS, and MTGLQ.  Because Rina may be able to amend her claims against the AP and TMLF Defendants, the court GRANTS her leave to amend those claims only.[9]  Rina may file an amended complaint on or before October 12, 2018, to cure the deficiencies in her claims against the AP and TMLF Defendants, if possible.  That is, Rina may amend her claims to add

---

[9] Because Plaintiffs are not adequate class representatives and neither the AP nor TMLF Defendants are state actors based on the facts underlying this action, granting leave to amend Plaintiffs' class and § 1983 claims would be futile.  Thus, the court DENIES leave to amend those claims.

allegations sufficient to state a claim against the AP and TMLF Defendants only, but may not add new claims or name new defendants.

If Rina elects to file an amended complaint, she must allege the specific basis of this court's jurisdiction. Because all federal claims have been dismissed and it appears there is no basis for diversity jurisdiction, Rina may want to consider filing her claims in state court. She must also clearly designate on the face of the document that it is a "First Amended Complaint." And she must comply with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Hawaii. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. An amended complaint will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Defendants not renamed and claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

## V. <u>CONCLUSION</u>

For the reasons set forth above, the Requests for Judicial Notice are GRANTED, ECF Nos. 13, 23, 35; the Motions to Dismiss filed by Ocwen, Nationstar, MERS, and MTGLQ are GRANTED, ECF Nos. 11, 35; the Motion to

Dismiss filed by the AP Defendants and the TMLF Defendants' Joinder to that motion are GRANTED in part and DENIED in part, ECF Nos. 22, 27; Ocwen's Joinder is GRANTED, ECF No. 37; the AP Defendants' Joinder is GRANTED in part and DENIED in part, ECF No. 39; and the Nationstar Defendants' Joinders are GRANTED, ECF Nos. 41, 42.

That is, Plaintiffs' claims against Ocwen, Nationstar, MERS, and MTGLQ are DISMISSED with prejudice; George's claims against all Defendants are DISMISSED with prejudice; and Plaintiffs' class claims and § 1983 claims are DISMISSED without leave to amend. Rina's claims against the AP and TMLF Defendants are DISMISSED with leave to amend. Rina may amend only her claims against the AP and TMLF Defendants and may not add new claims or name new defendants. George may not amend any of his claims.

///

///

///

///

///

///

///

If Rina chooses to file a First Amended Complaint to attempt to cure the deficiencies identified above, she must so do no later than October 12, 2018. Failure to file a First Amended Complaint by October 12, 2018 will result in automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 12, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Kawelo v. Nationstar Mortg. LLC, et al.*, Civ. No. 18-00096 JMS-KSC, Order Dismissing Complaint with Leave to Amend